1
2
3
4
5
6
7
8
9

CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20

**Chris Langer**,

     Plaintiff,

  v.

**Maroun K. Boutros**, in individual and representative capacity as trustee of the Boutros Family Trust dated July 22, 2015;
**Nada Boutros**, in individual and representative capacity as trustee of the Boutros Family Trust dated July 22, 2015; and Does 1-10,

    Defendants.

**Case No**.

**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act

21
22
23
24
25
26
27
28

    Plaintiff Chris Langer complains of Defendants Maroun K. Boutros, in individual and representative capacity as trustee of the Boutros Family Trust dated July 22, 2015; Nada Boutros, in individual and representative capacity as trustee of the Boutros Family Trust dated July 22, 2015; and Does 1-10 ("Defendants") and alleges as follows:

1

Complaint

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

2. Defendants Maroun K. Boutros and Nada Boutros, in individual and representative capacity as trustees of the Boutros Family Trust dated July 22, 2015, owned the real property located at or about 1510 South Santa Fe Ave., Los Angeles, California, in January 2018.

3. Defendants Maroun K. Boutros and Nada Boutros, in individual and representative capacity as trustees of the Boutros Family Trust dated July 22, 2015, own the real property located at or about 1510 South Santa Fe Ave., Los Angeles, California, currently.

4. Defendant Maroun K. Boutros owned the Big Bear Mini Market located at or about 1510 South Santa Fe Ave., Los Angeles, California, in January 2018.

5. Defendant Maroun K. Boutros owns the Big Bear Mini Market store ("Store") located at or about 1510 South Santa Fe Ave., Los Angeles, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities,

Complaint

1    connections, and responsibilities of the Defendants and Does 1 through 10,

2    inclusive, are ascertained.

3

4    **JURISDICTION & VENUE:**

5    7.  This Court has subject matter jurisdiction over this action pursuant to

6    28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

7    Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8    8.   Pursuant to supplemental jurisdiction, an attendant and related cause

9    of action, arising from the same nucleus of operative facts and arising out of

10   the same transactions, is also brought under California's Unruh Civil Rights

11   Act, which act expressly incorporates the Americans with Disabilities Act.

12   9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

13   founded on the fact that the real property which is the subject of this action is

14   located in this district and that Plaintiff's cause of action arose in this district.

15

16   **FACTUAL ALLEGATIONS:**

17   10. Plaintiff went to the Store in January 2018 to shop.

18   11. The Store is a facility open to the public, a place of public

19   accommodation, and a business establishment.

20   12. Parking spaces are one of the facilities, privileges and advantages

21   offered by Defendants to patrons of the Store.

22   13. However, there were no parking spaces marked and reserved for

23   persons with disabilities during plaintiff's visit.

24   14. Currently, there is not a single parking space marked and reserved for

25   persons with disabilities.

26   15. On information and belief, the plaintiff alleges that there used to be a

27   parking space marked and reserved for persons with disabilities but the

28   parking space has either been paved over or allowed to fade beyond

Complaint

recognition.

16. Defendants do not have any policies or procedures to maintain the parking lot. Because of this lack of maintenance, parking spaces reserved for persons with disabilities no longer exist.

17. Plaintiff personally encountered this barrier.

18. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty and frustration.

19. As a result of not being able to park, Plaintiff had to shop elsewhere.

20. Transaction counters are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store.

21. Meanwhile, and even though plaintiff did not personally confront the barrier, the transaction counter at the Store was more than 36 inches in height. In fact, the transaction counter is 40 inches high.

22. There was no lowered, 36-inch portion of the transaction counter at the Store for use by persons in wheelchairs.

23. Currently, the transaction counter at the Store is more than 36 inches in height.

24. Currently, there is no lowered, 36-inch portion of the transaction counter at the Store for use by persons in wheelchairs.

25. Dining counters are also one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store.

26. Unfortunately, there was no portion of the dining counter that was 34 inches in height or less.

27. Currently, there is no portion of the dining counter that is 34 inches in height or less inside the Store.

28. Plaintiff would like to return and patronize the Store but will be deterred from visiting until the defendants cure the violations.

29. The violations identified above are easily removed without much

Complaint

1  difficulty or expense. They are the types of barriers identified by the
2  Department of Justice as presumably readily achievable to remove and, in fact,
3  these barriers are readily achievable to remove. Moreover, there are numerous
4  alternative accommodations that could be made to provide a greater level of
5  access if complete removal were not achievable.

6      30. For example, there are numerous paint/stripe companies that will stripe
7  a parking stall and access aisle and install proper signage on short notice and
8  for a modest price, sometimes as low as $300, in full compliance with federal
9  and state access standards.

10     31. Another common barrier removal project is modifying transaction
11 counters to make a portion of the counter accessible. This is a simple
12 construction task, well within the capabilities of any general contractor. The
13 task can be completed easily and for a modest price.

14     32. Plaintiff is and has been deterred from returning and patronizing the
15 Store because of his knowledge of the illegal barriers that exist. Plaintiff will,
16 nonetheless, return to the business to assess ongoing compliance with the
17 ADA and will return to patronize the Store as a customer once the barriers are
18 removed.

19     33. Given the obvious and blatant violation, the plaintiff alleges, on
20 information and belief, that there are other violations and barriers on the site
21 that relate to his disability. Plaintiff will amend the Complaint to provide
22 proper notice regarding the scope of this lawsuit once he conducts a site
23 inspection. However, please be on notice that the plaintiff seeks to have all
24 barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191
25 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site,
26 he can sue to have all barriers that relate to her disability removed regardless
27 of whether he personally encountered them).

28     34. Additionally, on information and belief, the plaintiff alleges that the

5

Complaint

failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

36. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

6

Complaint

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

37. Any business that provides parking spaces must provide a sufficient number of accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. The required minimum number of accessible parking spaces is dependent on the total number of parking spaces available. *Id.* According to the 1991 Standards, if a parking lot has 1-25 spaces, it must have at least 1 accessible parking space. 1991 Standards § 4.1.2(5)(a). And 1 in every 8 of those accessible parking spaces, but not less than 1, must be a "van" accessible parking space, *i.e.*, having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.

38. Here, the failure to provide accessible parking spaces is a violation of the ADA.

39. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches

7

Complaint

in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

40. Here, no such accessible transaction counter has been provided, in violation of the ADA.

41. Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be provided that is no higher than 34 inches above the floor or service shall be available at accessible tables within the same area. 1991 Standards § 5.2 and 4.32; 2010 Standards § 226.1. If seating is provided for persons in wheelchairs at the counter or bar, there must be knee clearance for wheelchair users measuring at least 27 inches high, 30 inches wide, and 19 inches deep. 1991 Standards § 4.32.3; 2010 Standards § 306.3 (the 2010 Standards actually require a different depth).

42. Here the failure to provide an accessible counter/bar is a violation of the law.

43. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

44. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

45. Given its location and options, plaintiff will continue to desire to patronize the Store but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

8

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

46. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

47. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

Complaint

1        3. Reasonable attorney fees, litigation expenses and costs of suit,

2    pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

3

4    Dated: February 16, 2018      CENTER FOR DISABILITY ACCESS

5

6                                By: _____

7                                   Isabel Masanque, Esq.
                               Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

Complaint